UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| JASON GREEN | ) | |
| 789 COUNTY LINE ROAD | ) | COMPLAINT |
| COLUMBIA, KY 42728 | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 1:22-CV-96-GNS |
| VS. | ) | |
| | ) | |
| KENNY PERKINS, | ) | |
| INDIVIDUALLY | ) | |
| AS A DEPUTY SHERIFF | ) | |
| FOR THE ADAIR COUNTY SHERIFF'S | ) | |
| DEPARTMENT | ) | |
| 424 PUBLIC SQUARE, SUITE 20 | ) | |
| COLUMBIA, KENTUCKY 42728 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| JOEY KEITH, | ) | |
| INDIVIDUALLY | ) | |
| AS A DEPUTY SHERIFF | ) | |
| FOR THE ADAIR COUNTY SHERIFF'S | ) | |
| DEPARTMENT | ) | |
| 424 PUBLIC SQUARE, SUITE 20 | ) | |
| COLUMBIA, KENTUCKY 42728 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| JOSH BROCKMAN, | ) | |
| INDIVIDUALLY AS SHERIFF FOR THE | ) | |
| ADAIR COUNTY SHERIFF'S DEPARTMENT | ) | |
| 424 PUBLIC SQUARE, SUITE 20 | ) | |
| COLUMBIA, KENTUCKY 42728 | ) | |
| | ) | |
| Defendants | ) | |

\* \* \* \* \* \* \* \*

Comes the Plaintiff, Jason Green, by and through counsel, and for his Complaint against the above Defendants and hereby states as follows:

## PRELIMINARY STATEMENT

1. This case presents multiple claims against law enforcement officers within the Adair County Sheriff's Department arising from an incident in which officers for the Adair County Sheriff's Department used excessive force, engaged in police brutality and corruption, excessively charged Jason Green (hereafter "Jason") with crimes, caused bodily injuries to Jason, and violated Jason's civil and constitutional rights under color of law pursuant to 42 USC §1983.

## JURISDICTION AND PARTIES

2. This action arises under 42 U.S.C. §1983 and the Plaintiff is seeking redress for the violations of his constitutional rights under the 4th Amendment.

3. The United States District Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this judicial district under 28 U.S.C. §1391 because all claims arose in Adair County, which is located within the geographic area covered by the Western District of Kentucky. n

5. Plaintiff, Jason Green is an adult resident of Columbia, Adair County, Kentucky and resided there at the time of the events that gave rise to this claim.

6. The Adair County Sheriff's Department is a Kentucky government body that is charged with the duty to provide law enforcement services and protection for the City of Columbia and the Commonwealth of Kentucky.

7. Josh Brockman is the elected sheriff for the Adair County Sheriff's Department and served as sheriff at the time relevant to Plaintiff's claims. He is named in this lawsuit in his individual capacity.

8. Kenny Perkins and Joey Keith are officers for the Adair County Sheriff's Department and served as deputy sheriffs during the events that gave rise to Plaintiff's claims. The officers are named in this lawsuit in their individual capacities.

## STATEMENT OF FACTS

9. On August 9, 2021, Jason Green (hereinafter "Jason") was "packing" gasoline just right outside of his mother's house located 789 County Line Road, Columbia, Kentucky 42728.

10. As he was packing gasoline, Jason purposefully poured gasoline all over his body in an obvious attempt to harm himself.

11. His mother, Vickie Smith (hereinafter "Vickie") was fearful for her son's safety and called law enforcement for them to help him and make sure he would not hurt himself.

12. When officers Kenny Perkins (hereinafter "Perkins") and Joey Keith (hereinafter "Keith") arrived, they quickly pulled out their tasers and pointed them directly at Jason.

13. Vickie separated herself from Jason and told the officer's not to deploy their tasers due to Jason being soaked in gasoline.

14. Despite Vickie's pleading, the officers deployed their tasers resulting in Jason bursting into flames.

15. As Jason was lying on the ground on fire, the officers sat back, watched, and did nothing to put out the fire.

16. Vickie and her husband immediately grabbed jugs of water to put the flames out.

17. Once Vickie and her husband extinguished the flames, Jason was placed in an ambulance to receive advanced life support treatment.

18. Jason was subsequently airlifted to the University of Louisville Hospital (ULH) in Louisville, Kentucky to receive further emergency medical treatment.

19. Upon his discharge from ULH, Jason was placed in custody and charged with Wanton Endangerment 1st degree with Vickie being named as Jason's intended victim (case number: 21-F-143).

20. Due to the severity of his injuries, Jason was placed on home incarceration (HIP) as his case was pending in Adair County District Court.

21. A probable cause hearing was held in District Court. During this hearing, Perkins admitted under oath that he knew Jason was soaked in gasoline, heard Vickie plead with them to not deploy their tasers but that he nonetheless deployed his taser.

22. Perkins elaborated further that Jason had lit himself on fire, ignored Perkins' commands to get down, and was ultimately tased all in a matter of a split second; despite no lighter ever recovered at the scene.

23. At the conclusion of the probable cause hearing, Jason's case was referred to the grand jury. On October 25, 2021, the grand jury indicted Jason for Wanton Endangerment 1st degree, Persistent Felony Offender 1st degree, and Public Intoxication (case number: 21-CR-194).

## COUNT I -- DEPRIVATION OF RIGHTS UNDER THE FOURTH AMENDMENT AND 42 U.S.C. §1983 – UNREASONABLE SEARCH AND SEIZURE/EXCESSIVE FORCE

24. Plaintiff re-alleges and incorporates by reference paragraph 1 through 23 as though fully stated herein.

25. That the conduct of the Defendants was subject to 32 U.S.C. §§1983, 1985, 1986, and 1988.

26. The Defendants, acting under color of law, deprived Plaintiff of his substantial rights secured by the United States Constitution and other laws, along with his constitutional right to equal protection of the laws.

27. The aforementioned actions of officers Kenny Perkins and Joey Keith, as described in this Complaint, caused Jason to be physically injured and restrained and then subjected Jason to false and malicious charges that violated Jason's civil and constitutional rights as guaranteed under 42 U.S.C. §1983 and the Fourth Amendments to the United States Constitution, including, but not limited to the right to be free from unreasonable searches and seizures of his person and the right to be free from the use of excessive, unreasonable and unjustifiable force.

28. The Defendants, who were acting under color of law, alone or in concert with one another, caused specific and serious physical and emotional pain and suffering and were 1) excessive and unreasonable, (2) done intentionally, willfully, maliciously, with a deliberate indifference to and/or with a reckless disregard for the natural and probable consequences of their acts and (3) done without lawful justification or reason.

29. As a direct and proximate result of Defendants' wrongful acts and omissions, Jason suffered and may suffer in the future substantial and permanent physical and emotional pain and humiliation, attorney fees and medical costs.

30. As a further result of the events alleged herein, Jason suffered loss of liberty and other constitutional rights mentioned previously.

## **COUNT II – JOSH BROCKMAN & HIS AGENTS**

31. Plaintiff re-alleges and incorporates by reference paragraph 1 through 30 as though fully stated herein.

32. At all times relevant to this Complaint, Defendant, Josh Brockman, had in effect policies, practices and customs that condoned and fostered the unconstitutional conduct of the sheriffs

33. At all times relevant to this Complaint, said Defendant, Josh Brockman, either directly or indirectly, under of color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the sheriffs heretofore described.

34. At all times relevant to this Complaint, said Defendant, Josh Brockman, had in effect policies, practices and customs and usages of encouraging and/or tacitly sanctioning the violation of individual rights.

35. Said Defendants, Josh Brockman, weas negligent in hiring, retaining, monitoring, supervising and/or failing to take remedial actions.

36. Said Defendant, Josh Brockman, inadequately and improperly investigated incidents of sheriff misconduct.

37. Said Defendant, Josh Brockman, failed to enforce policies and procedures and legal requirements.

38. Said Defendant, Josh Brockman, failed to adequately train, supervise and/or discipline his officers, thereby failing to adequately discourage and prevent further constitutional violations.

39. Said Defendant, Josh Brockman, failed to have policies and procedures in place to guard against sheriff misconduct, which was a substantial contributing factor in causing Jason to suffer damages.

40. The wrongful practices, policies, customs and/or usages complained of herein demonstrated a deliberate indifference on the part of the Defendant, Josh Brockman, to the constitutional rights of persons within the state and were the direct and proximate cause of the damages, including violations of Jason's rights alleged herein.

41. Furthermore, Defendant, Josh Brockman is vicariously liable for the acts of his officers.

## COUNT III -- DEPRIVATION OF RIGHTS UNDER THE FOURTH AMENDMENT 42 U.S.C. §1983 – FALSE ARREST

42. Plaintiff re-alleges and incorporates by reference paragraph 1 through 41 as though fully stated herein.

43. Under the Fourth Amendment to the U.S. Constitution, Jason has a right to be free from arrest without probable cause and these rights are enforceable under 42 U.S.C. §1983.

44. The Defendant officers had no probable cause to believe that Jason was committing or had committed a crime at the time the Defendant officers placed him under arrest.

45. As a result of his arrest and detention without probable cause by the Defendant officers, Jason suffered and may suffer in the future, physical and emotional pain and humiliation, attorney fees, and medical costs.

## COUNT IV- ASSAULT AND BATTERY-COMMON LAW CLAIMS

46. Plaintiff re-alleges and incorporates by reference paragraph 1 through 45 as though fully stated herein.

47. By the conduct and actions described herein, the Defendants, Perkins and Keith, committed the torts of assault and battery upon the Plaintiff.

48. Perkins and Keith had physical contact with the Plaintiff, which was intentional, unauthorized and grossly offensive.

49. Perkins and Keith intentionally placed Plaintiff in imminent fear of bodily injury, committing the tort of assault.

50. The actions of the Defendant officers named in numbered paragraph 47 were intentional, reckless, unwarranted, nonconsensual and without any just cause or provocations.

51. As a direct and proximate result of the foregoing, Plaintiff was subjected to physical and emotional pain and humiliation, was deprived of his liberty and was otherwise damaged and injured.

## COUNT V- FALSE IMPRISONMENT

52. Plaintiff re-alleges and incorporates by reference paragraph 1 through 51 as though fully stated herein.

53. Perkins and Keith intentionally restrained the Plaintiff, confined him against his will, and deprived him of liberty of movement without his consent.

54. Plaintiff was aware of the confinement and suffered pain and mental anguish as a result.

55. As a proximate and substantial result, Plaintiff has suffered physical and emotional pain and humiliation, was deprived of his liberty and was otherwise damaged and injured.

**COUNT VI - OFFICIAL MISCONDUCT**

56. Plaintiff re-alleges and incorporates by reference paragraph 1 through 55 as though fully stated herein.

57. All Defendants, public servants acting under color of law, intended to injure Plaintiff and deprive him of his civil rights while knowingly (1) engaged in conduct related to his office and which constituted an unauthorized exercise of his official functions, (2) refrained from performing a duty imposed upon him by law or clearly inherent in the nature of his office and/or (3) violated a statute or lawfully adopted rule or regulation relating to their office.

58. All Defendants' conduct violated K.R.S. §522.020 and caused Plaintiff to suffer damages.

59. Pursuant to K.R.S. § 446.070, the Plaintiff is entitled to recover damages from the Defendant for the Defendants' violations of K.R.S. § 522.020.

**COUNT VII – NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE**

60. Plaintiff re-alleges and incorporates by reference paragraph 1 through 59 as though fully stated herein.

61. As a result of the Defendant Officer's conduct, Perkins and Keith breached their respective duties of care to or in favor of Jason and were negligent and/or grossly negligent.

62. That pursuant to KRS § 446.070 "(a) person injured by the violation of any statute may recover from the offender such damages he sustained by the reason of the violation although a penalty or forfeiture is imposed for such violation."

63. That the Defendant officers named in numbered paragraph 61 knew or should have known of their obligations to not cause serious physical injury to Jason, and/or not manifest

an extreme indifference to the value of Jason's life by engaging in conduct which created a grave risk of death to Jason.

64.    That actions of the Defendant officers named in numbered paragraph 61, caused Jason to suffer physical, mental, and emotional injuries.

65.    That had the Defendant officers named in numbered paragraph 61 not engaged in conduct manifesting an extreme indifference to the value of Jason's life, he would not have suffered injuries.

66.    That the failure of the Defendants, Perkins and Keith, to refrain from causing serious physical injury to Jason, and/or manifest an extreme indifference to the value of Jason's life by engaging in conduct which created a grave risk of death to Jason, was a breach of their duty of care and were negligent and/or grossly negligent.

## COUNT VIII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ OUTRAGEOUS CONDUCT

67.    Plaintiff re-alleges and incorporates by reference paragraph 1 through 66 as though fully stated herein.

68.    Defendants' conduct as described exceeded all reasonable bounds of decency and was extreme, outrageous, and utterly intolerable in a civilized community. Defendants intended to and did cause Plaintiff to suffer severe emotional distress.

69.    Defendants' conduct was the direct result and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights for which he is entitled to recover.

## COUNT IX – MALICIOUS PROSECUTION

70.    Plaintiff re-alleges and incorporates by reference paragraph 1 through 69 as though fully stated herein.

71. Defendants Perkins and Keith, individually and collectively, maliciously, and intentionally, caused Jason to be subject to a wrongful prosecution for the offenses of (a) public intoxication, (b) menacing, (c) disorderly conduct, (d) fleeing or evading police, and (e) resisting arrest.

72. Defendant officers named in numbered paragraph 71, initiated, continued, and procured a criminal proceeding against Jason and did so without probable cause to achieve a purpose other than bringing Jason to justice.

73. Jason has suffered damages because of the criminal proceeding against him including, but not limited to, his attorney fees.

WHEREFORE, Plaintiff, Jason Green, demands the following relief:

1. Compensatory damages as supported by evidence and determined by a jury;
2. Punitive damages;
3. Attorney fees;
4. Court costs;
5. Leave to amend his Complaint;
6. Pre-judgment and post judgment interest;
7. Trial by jury;
8. Any and all other relief to which the he is properly entitled in law and equity.

RESPECTFULLY SUBMITTED,

/s/ Aaron Kemper
AARON KEMPER
*Attorney for Plaintiff*
BARRISTER'S HALL

        1009 South 4th Street
        Louisville, KY 40203
        (502) 584-8583
        kemper.aaron@gmail.com

/s/ Zac Meihaus
_____
R. ZACHARY MEIHAUS
*Attorney for Plaintiff*
BARRISTER'S HALL
1009 South 4th Street
Louisville, KY 40203
(502) 584-8583
zmeihaus@gmail.com

12